UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICARDO SAMPEL,

                           Plaintiff,

        -vs-                      **No. 1:14-CV-01008 (MAT)**
                                                      **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

---

## I.   Introduction

Represented by counsel, plaintiff Ricardo Sampel("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II.   Procedural History

Plaintiff protectively filed an application for SSI on April 7, 2011, which was denied. Administrative Transcript ("T.")

112, 161-68. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Connor O'Brien on October 22, 2012. T. 30-112. In a decision dated April 3, 2013, ALJ O'Brien found that plaintiff was not disabled as defined in the Act and denied his claim. T. 10-29. On August 19, 2013, the Appeals Council issued an order denying plaintiff's request for review, thereby rendering ALJ O'Brien's decision the Commissioner's final determination. T. 1-5. Plaintiff subsequently filed this action.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since April 7, 2011, the alleged onset date. T. 15. At step two, the ALJ found that plaintiff suffered from the severe impairments of chronic pain syndrome of the left shoulder; adjustment disorder with depression and anxiety; and learning disability, NOS. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 16.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b). T. 17. Specifically, the ALJ found that plaintiff was capable of lifting 10 pounds frequently and 20 pounds

2

occasionally with his right arm; lifting no more than 10 pounds with the left arm; occasionally pushing and pulling with the upper extremities within the designated lifting limitations; occasionally reaching overhead bilaterally; occasionally reaching in all directions with the left upper extremity; occasionally handling with the left upper extremity. *Id*. The ALJ also found that plaintiff was capable of performing unskilled work with only occasional changes in the work setting and occasional interaction with the public. *Id*.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 21. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. T. 22. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

3

### A. Violation of treating physician rule

Plaintiff first argues that the ALJ improperly rejected portions of the uncontradicted medical opinions of treating orthopedic surgeon Dr. Terrance M. Daino. The Court agrees.

Dr. Daino first began treating plaintiff in 2004, performing a left shoulder arthroscopy with arthroscopically assisted labral repair and arthroscopically assisted subacromial decompression on plaintiff. T. 301-310. Plaintiff had previously undergone shoulder surgery in 2000. T. 304. Dr. Daino continued to treat plaintiff for his shoulder condition throughout the relevant time period, including performing an additional surgery in 2006. T. 295. On January 28, 2011, Dr. Daino completed a Progress Record for plaintiff in which he opined that plaintiff should not lift more than 10 to 15 pounds, should not lift or reach above shoulder level, and should avoid repetitive activities. T. 342. On October 19, 2012, Dr. Daino completed a "medical source statement regarding shoulders for Social Security disability claim" regarding plaintiff's limitations. T. 485-86. Dr. Daino opined that plaintiff suffered from impingement syndrome and pain in his left shoulder, could work for 8 hours per day, was capable of sitting for 8 hours per day, could lift no more than 5 pounds either occasionally or frequently, could occasionally use his left arm below shoulder lever, could occasionally raise his left arm over shoulder lever, suffered from moderate pain that would occasionally

4

interfere with the attention and concentration needed to perform even simple work tasks, was likely to experience good days and bad days, and would likely miss about two days of work per month as a result of his impairments. *Id*. On October 25, 2012, Dr. Daino completed an addendum to his statement, in which he clarified that plaintiff could lift no more than 5 pounds with his left arm and no more than 15 pounds with his right arm. T. 535.

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, so long as he sets forth the reasons for his determination. *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Where a treating physician's opinion is uncontradicted, there "must be overwhelmingly compelling evidence in order to overcome it." *Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009); *see also Wilson v. Colvin*, 213 F. Supp. 3d 478, 483 (W.D.N.Y. 2016) (same).

In this case, Dr. Daino opined without contradiction that plaintiff was capable of lifting only 5 pounds with his left arm and only 15 pounds with his right arm. However, in his RFC determination, the ALJ found that plaintiff could lift up to 10 pounds with his left arm and could occasionally lift/carry up to 20 pounds with his right arm. T. 17. The explanation provided by the ALJ for rejecting this portion of Dr. Daino's opinion is that "the opinion reflects more significant limitations than the record supports." T. 19. This falls far short of the "overwhelmingly compelling evidence" required to reject the uncontradicted opinion of a treating physician. *See, e.g., Cabassa v. Astrue*, 2012 WL 2202951, at *8 (E.D.N.Y. June 13, 2012) (conclusory statements about consistency with the record are insufficient to justify rejecting treating physician's opinion).

The Commissioner argues that the ALJ's determination was supported by substantial evidence because plaintiff testified that he could lift up to 30 pounds with his right arm. This argument is unavailing. First, plaintiff's testimony was far less clear than the Commissioner suggests. While he did at one point indicate that he could lift up to 30 pounds with his right arm, at other times he testified that he could lift no more than 10 pounds and that he generally lifted only light items. Taken as a whole, this testimony does not contradict Dr. Daino's opinion. *See Vlado v. Berryhill,*, 2017 WL 1194348, at *11 (E.D.N.Y. Mar. 29, 2017). It is also worth noting that plaintiff suffers from a learning disability, did not complete high school, and attended special

6

education classes, and that his ability to estimate weights is not necessarily particularly accurate. Second, nowhere in his decision did the ALJ reference plaintiff's testimony as a reason to reject Dr. Daino's opinion. "A reviewing court may not accept . . . counsel's *post hoc* rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

Plaintiff also argues that the ALJ's RFC determination failed to account for Dr. Daino's opinion that plaintiff needed to avoid repetitive activities. Again, the Court agrees. Although the ALJ found that plaintiff was limited to only occasional pushing, pulling, reaching, and handling with his left arm, "occasionally" in this context means for up to one-third of the work day, which does not rule out the possibility of repetitive action. The ALJ failed to provide any explanation for failing to incorporate a restriction on repetitive activities into his RFC determination, in violation of the treating physician rule.

The Court also agrees with plaintiff that these errors are not harmless. An error is harmless in the context of a denial of Social Security benefits only if "application of the correct legal standard could lead to only one conclusion." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010). The Court cannot conclude on the current record that the flaws in the ALJ's RFC determination had no impact on the his ultimate conclusion that plaintiff was not disabled. Accordingly, remand is required.

**B.     Assessment of plaintiff's mental RFC**

Plaintiff's second argument is that the ALJ improperly rejected the conclusions of a 2009 neuropsychological assessment of plaintiff.  Because the Court has already determined that remand is necessary, it need not and does not reach this issue. On remand, the ALJ shall consider all medical opinions of record and appropriately state the weight given thereto and the reasons for that determination.

**V.    Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Doc. 7) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                         **S/Michael A. Telesca**
                                                         HON. MICHAEL A. TELESCA
                                                         United States District Judge

Dated:     June 23, 2017
           Rochester, New York.